## Reidenbach Estate

*William W. Milnes,* for guardian.
*Morton DeBroff,* for objectant.

ROSS, E., J., May 14, 1980—Before the court is the petition of Homer T. Newlon, guardian of the estate of Helen Antonia Reidenbach, an adjudicated incompetent, asking for the allowance from the estate of interim guardian's commissions, counsel fees, costs and expenses incurred by counsel for the guardian and the guardian in connection with prior proceedings for adjudication and appointment of the guardian and for public sale of the incompetent's interest in real estate held by the entireties with her husband Willard Reidenbach. Edward Wacht, a nephew of the incompetent, had interposed objections to both the adjudication of incompetency and the sale. Because of exceptions filed by Wacht, the sale was abandoned by Willard Reidenbach. Because the estate is not yet liquid and because the incompetent's spouse has no liquid funds, petitioner requests the court to permit the execution by the guardian with the joinder of Willard Reidenbach of two judgment notes, one pay-

able to counsel in the amount of $2,167.25 with interest at six percent per annum for legal fees and costs, and the second in the amount of $877.50 to the order of the guardian for "accrued legal fees as the result of legal services rendered herein." At the hearing it appeared the guardian was asking for interim commissions for himself and not legal fees, as well as asking for ratification of expenses not covered in the petition. The notes will be paid upon liquidation of the entireties property.

Edward Wacht, the nephew of the incompetent, objects to any allowance from the estate or the execution of notes to secure payment of such allowance. The first issue presented to the court is the standing of Edward Wacht to object.

Sections 5521(23) and 5155 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§5521(23) and 5155, provide that after appropriate petition and notice as the court directs, if the court finds it is in the best interest of the incompetent the guardian may for purposes of administration pledge or mortgage the incompetent's property. The court may also on petition allow funds out of estate principal for the care, maintenance or education of the incompetent: Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §5536(a).

Allegheny County Orphans' Court Rule 39, section 8, provides as to the execution of encumbrances that there must be notice of the petition to the next of kin *who would take if the incompetent died intestate at that time.*

This notice provision accords with that in section 5511(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §5511(a), which relates to the adjudication of incompetency and which provides that notice of the petition and hearing shall be

given "to all persons residing within the Commonwealth who are sui juris and would be entitled to share in the estate of the alleged incompetent" if she died intestate "at that time. . . ."

Mrs. Reidenbach has no issue or parent living now. Her husband is living. Therefore under section 2102(1) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §2102(1), Willard Reidenbach is the only person entitled as of the time of the petition to a share of the intestate estate of the incompetent. "The intestate share of a decedent's surviving spouse is: (1) If there is no surviving issue or parent . . . the entire intestate estate. . . ."

Starr, Incompetent, 24 Fiduc. Rep. 7 (1972), which required notice to siblings and their issue does not control because in 1972 when that case was adjudicated the surviving spouse did not take the entire estate. Starr, however, reaffirms the proposition that notice must be given to the statutory intestate heirs as of the time of the petition if such heirs reside in Pennsylvania.

Thus, Edward Wacht, while the incompetent's spouse lives, is neither entitled to notice of any proceeding now before the court nor may he now object to any allowance from principal or the execution of the judgment notes.

The court dismisses his objections on the basis of standing.

Expenses in the amount of $391.50 incurred by the guardian and his counsel in conjunction with the adjudication are found to be for the care and maintenance of the incompetent, are reasonable and will be allowed out of the incompetent's estate. In the case of expenses of $50 relating to the sale of entireties real estate, half, or $25, will be allowed counsel out of the incompetent's estate and Willard

Reidenbach will be responsible for the other half, or $25. Prior payments of debts and expenses out of joint assets are ratified. Counsel fees will be allowed in the amount of $1,725.75 of which $1,325.75 will be paid out of the incompetent's share of entireties real estate and $400 out of Willard Reidenbach's share. The allocation to the estate covers the adjudication plus the services rendered the incompetent's estate in the sale proceedings. No interim commissions will be allowed the guardian who must present his claim for commissions at the final accounting.

The guardian will be granted leave to execute (along with Willard Reidenbach as to his share of indebtedness) judgment notes to secure the payment of the allowance out of the incompetent's share of entireties property.

### ORDER

And now, May 14, 1980, after hearing on the petition for allowance of funds out of the estate of Helen Antonia Reidenbach, an incompetent, the court finds that Edward Wacht, the incompetent's nephew, would not be entitled to share in the estate of the incompetent if she died intestate at the time of the presentation of the petition and was not entitled to notice of the within proceeding, Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§2101(1), 5521(23) and 5155, and Allegheny County Orphans' Court Rule 39, §8, and therefore Edward Wacht has no standing during the lifetime of Willard Reidenbach to object to actions of the guardian of the incompetent's estate.

Therefore, it is ordered that any objections made by Edward Wacht to the prayer of the petition are dismissed.

The court further finds that the request of the guardian, Homer Newlon, for interim compensation in the amount of $877.50 is denied as being premature and a matter to be determined at the audit of the final account of the guardian.

It is further ordered that the payment of $636.75 from joint funds of the incompetent and her husband for appraisal of the real estate, services of F.N. Young Agency and advertising and the further expenditures therefrom of $20 for bond premium, $4.24 for the printing of checks and of $600 to the Lutz boarding home are hereby ratified.

It is ordered that Brandt, Milnes, Rae and Malone be paid $1,725.75 for legal services in conjunction with raising the guardianship, preparing the petition for sale and other matters related to the attempted public sale of the entireties property, $1,325.75 being the share of the estate and $400 being the share of Willard Reidenbach in counsel fees.

It is ordered that $391.50 be awarded Brandt, Milnes, Rae and Malone as reimbursement for expenses and costs incurred in connection with the raising of the guardianship and that $50 be paid out of the joint funds of the incompetent and her husband as reimbursement to Brandt, Milnes, Rae and Malone for expenses with respect to the petition for sale of real estate, $25 to be allocated to the incompetent and $25 to her husband; and it is ordered that the share of the incompetent in real estate owned by the entireties with Willard Reidenbach be charged with the sum of $1,742.25 to be paid Brandt, Milnes, Rae and Malone for counsel fees and expenses ($1,325.75 plus $391.50 plus $25 as above); the share of Willard Reidenbach in the entireties real estate is charged with $425 ($400 plus $25 as above) for fees and expenses to be paid

Brandt, Milnes, Rae and Malone upon its sale; the guardian is granted leave to execute with Willard Reidenbach a judgment note payable to Brandt, Milnes, Rae and Malone securing the payment of the above charges, with interest at the rate of six percent per year.